Mr. Justice Humphreys
delivered the opinion of the court:
In March, 18C7, a draft was issued from the Treasury of the United States on the First National Bank of Washington, D. C., payable to Mrs. B. S. Kimbro, for the sum of three thousand four hundred and fourteen dollars, issued on a war-warrant, which warrant was issued on requisition of the Secretary of War, March, 1867.
Mrs. Kimbro was the wife of Samuel Kimbro, and they resided at the time in Davidson County, Tennessee.
The First National Bank of Washington, District of Columbia, paid the amount of the draft after it had passed through a national bank in Nashville, Tennessee, and one in New York. The first indorsements bear the names of Mrs. B. Y. Kimbro, which was erased, and Mrs, B. S. Kimbro. The plaintiff alleges that Mrs. Kimbro never indorsed or authorized any one to indorse the said draft, nor did Samuel Kimbro, the husband, indorse or authorize any one to indorse the same, nor did either of them sell or dispose of the same, or authorize any one to collect the amount of said draft. Suit was brought *431 by the administratrix of Samuel Kirnbro, after his death, to recover the amount from the defendant, and the suit revived in the name of the administrator de bonis non.
There was evidence tending to show that the name of Kirnbro on the back of the draft was not the signature of either Mrs. Kirnbro or Samuel Kirnbro, and that the same was not authorized by either of them, and that neither of them had ever parted with the property in said draft, nor authorized any one to collect the same. The evidence further tended to show that the fact that the warrant and draft had been issued was not communicated to Mrs. Kirnbro or to her husband until some time in 1869, but that the same had been concealed from both wife and husband by those who originally had acted as their agents in Nashville to present the claim to the War Department. After evidence had been introduced to prove that the draft had been issued regularly from the Treasury, and that the same had been paid by defendant, plaintiff was allowed by the court at the circuit to read the draft to the jury, to which defendant objected and excepted. We think the reading of the paper was competent and proper to show that such had been issued, and to determine if the indorsement was genuine, for that was directly in issue.
The defendant submitted fifteen prayers, six of which were given in charge to the jury at the circuit, and the remainder declined, and defendant excepted to the refusals. The second charge asked for was as follows:
“The presumption of law is that the power of attorney in evidence, being duly attested by the clerk and seal of the court of Davidson County, Tenn., is a good and valid power of attorney, and the burden of proof is on the plaintiff to show that it is invalid.”
A paper purporting to be- a power of attorney, executed by Mrs. Kirnbro on the 15th of April, 1S67, was exhibited along with the deposition of one Porter, and evidence was introduced tending on the respective sides to sustain and contradict the genuineness of the execution of the same by Mrs. Kirnbro. We do not see how the instruction asked could be proper. The execution of the paper was in issue, and there was no law requiring such an instrument to be recorded or giving *432 force to such a certificate. No more weight was to be given to this than any other proof, and the jury must determine all the facts together, and give their verdict as they found the weight of evidence. Besides this, defendant had all benefit of every fact which the jury might find in the 3d and 4th prayers, which were given in charge. We do not think there was error in refusing to give the charge contained in the seventh prayer, nor in the eighth, ninth, tenth, nor eleventh. The twelfth prayer, which was given in charge, was full, and included all that was asked by the 13th, which it was proper to give to the jury. The fourteenth and fifteenth prayers were properly refused. The conclusion to which we come is that the motion for a new trial on the exceptions is overruled, and the judgment-of the circuit court'is affirmed.